## SUPREME COURT.

### JOSEPH O. HASBROUCK vs. ROBERT M'ADAM.

A change of the place of trial is not effected by the defendant's merely serving a demand in writing that the trial be had in the proper county under § 126 of the code. If such demand is made for the trial in the proper county, and the plaintiff neglects to procure the change accordingly, the defendant may avail himself of the omission, on the trial, by application for a dismissal of the complaint.

To change the place of trial, application must be made to the court by one party or the other, and either may make it.

*New York Special Term, April* 20, 1850.—On an affidavit that younger issues had been tried at the King's circuit, defendant moved that complaint be dismissed. On the part of the plaintiff, it was shown that the place of trial designated in the complaint was the county of New York. To this the defendant answered that in due time after the service of the complaint, he had demanded in writing that the cause be tried in the county of Kings, where both parties reside.

Q. M'ADAM, *for defendant*, insisted that the service of the demand of itself changed the place of trial.

A. CRIST, *contra*, denied that the defendant had a right, by his own act, and without any action of the court, to change the place of trial.

EDMONDS, Justice, observed that many of the profession had supposed that the service of such a demand, under section 126 of the code, of itself worked a change in the place of trial, where the county designated for that purpose in the complaint is not the proper county. But this was a mistake. The effect and object of that section is to allow the cause to be tried in the county designated in the complaint, though neither of the parties reside there, unless the defendant shall serve a demand in writing that the trial be had in the proper county, and in case such demand be served, the defendant may, on the trial, avail himself of the objection. So that where such demand is served, the plaintiff must change

the place of trial to the proper county, or be in danger of having his complaint dismissed on the trial. But to change the place of trial, application must be made to the court, by one party or the other, and either party may do it, but the defendant cannot by the mere service of a demand, change it.

The necessity of an application to the court, is quite apparent; for suppose the plaintiff resides in one county, the defendant in another, and the place of trial is designated in a third; into which the two proper counties is the place of trial to be changed? And so, if there are several defendants residing in different counties, which defendant is to have the choice?

The whole thing is subject to the power of the court to change the place of trial under section 125, and its power must be invoked. The defendant by his own act cannot change it.

This motion must, therefore, be denied; but as the notice is broad enough, the defendant may have the place of trial changed to the proper county if he desires it.